UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                                          Chapter 7

                                                                                Case No.: 18-43530-nhl
BRUSHCLEAN PROPERTIES INC.,

                    Debtor.

----------------------------------------------------------x

**ORDER TO SHOW CAUSE**

**UPON** the application ("Application") of Robert J. Musso ("Trustee"), trustee of the estate of Brushclean Properties Inc. dated September 18, 2018, and the exhibits thereto, and upon all the proceedings had herein, and sufficient cause appearing to me therefor, it is,

**ORDERED,** that all creditors and parties in interest show cause before the undersigned bankruptcy judge at the United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York 11201, Courtroom 3577, on the          day of October, 2018, at            , or as soon thereafter as counsel can be heard, why an order should not be entered substantially in the form annexed as Exhibit B to the Application: (i) approving a contract of sale (the "Contract of Sale") between the Trustee, as Seller, and Alberte J. Wadler, Trustee of the Lsophie 2012 Trust, as Purchaser ("Purchaser"), dated September 12, 2018, and annexed as Exhibit A to the Application; (ii) authorizing the Trustee to sell the real property known as and located at 624 Hart Street, Brooklyn, New York (the "Property"), free and clear of any liens, claims and encumbrances, pursuant to sections 363(b) and 363(f) of title 11 of the United States Code (the "Bankruptcy Code"), except as set forth in the Contract of Sale, for the sum of $999,000.00, to

Purchaser (iii) approving a broker's commissions to Reyes & Elsamad RE; and (iv) granting the Trustee such other and further relief as may be just and proper; and it is further

**ORDERED**, that service of a copy of this order and the accompanying papers upon all creditors and parties in interest, the Office of the United States Trustee for the Eastern District of New York, 201 Varick Street, New York, New York 10014, and all entities that have filed a request for service of filings pursuant to Bankruptcy Rule 2002, on or before by first class mail, shall be good and sufficient notice upon the respondents hereof; and it is further

**ORDERED**, that objections to the relief requested, if any, must be in writing, must conform to the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the Eastern District of New York and must be filed on or before                   with the Clerk of the Bankruptcy Court (with a copy to Chambers), and served so as to be received by the attorneys for the Debtor, Rosenberg, Musso & Weiner, 26 Court Street, Suite 2211, Brooklyn, New York 11242, Attention: Bruce Weiner, Esq., and the attorneys for the Purchaser, Ginsburg & Misk LLP, 215-48 Jamaica Avenue, Queens Village, New York 11428, Attn: Emily S. Chow, Esq., on or before                   . Parties with legal representation shall file with the court: (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with General Order M-182) which may be accessed through the internet at https://ecf.nyeb.uscourts.gov and (ii) in portable document format (PDF) using Adobe Exchange software for conversion, or (b) if a party is unable to file electronically, such party shall submit the response or objection in PDF format on a diskette in an envelope with the case name, case number and title of document: or (c) if a party is unable to file electronically or use PDF format, such party shall submit the response or objection

on a diskette in either Word, Word Perfect, or DOS test (ASCII) format.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
In re:

                                                    Chapter 7
                                                    Case No.: 18-43530-nhl

BRUSHCLEAN PROPERTIES INC.,

                Debtor.
-----------------------------------------------------------x

**TRUSTEE'S APPLICATION: (A) FOR AN ORDER (i) APPROVING
CONTRACT OF SALE BETWEEN THE TRUSTEE, AS SELLER
AND ALBERTE J. WADLER, AS TRUSTEE, AS PURCHASER; (ii) AUTHORIZING
THE TRUSTEE TO SELL REAL PROPERTY PURSUANT TO
SECTION 363 OF THE BANKRUPTCY CODE, (iii) APPROVING BROKER'S
COMMISSIONS, AND (iv) GRANTING SUCH OTHER AND
FURTHER RELIEF AS MAY BE JUST AND PROPER**

TO: THE HONORABLE NANCY HERSHEY LORD,
    Bankruptcy Judge.

        The application ("Application") of Robert J. Musso ("Trustee"), chapter 7 trustee of the estate of Brushclean Properties Inc. ("Debtor"), by his attorneys, Rosenberg, Musso & Weiner, for an order: (i) approving a contract of sale (the "Contract of Sale") between the Trustee, as Seller, and Alberte J. Wadler, Trustee of the Lsophie 2012 Trust, as Purchaser ("Purchaser"), dated September 12, 2018, and annexed as Exhibit A to the Application; (ii) authorizing the Trustee to sell the real property known as and located at 624 Hart Street, Brooklyn, New York (the "Property"), free and clear of any liens, claims and encumbrances, pursuant to sections 363(b) and 363(f) of title 11 of the United States Code (the "Bankruptcy Code"), except as set forth in the Contract of Sale, for the sum of $999,000.00, to Purchaser (iii) approving a broker's commission of $25,000 to Reyes & Elsamad RE ("Broker"); and (iv) granting the Trustee such other and further relief as may be just and proper, respectfully states:

        1.        The Debtor filed a voluntary Chapter 7 petition on June 18, 2018 ("Filing Date").

The Trustee is the duly appointed and qualified trustee of the Debtor's estate.

2.  Prior to the Filing Date, the Debtor entered into a contract to sell the Property to Purchaser. The Debtor found Purchaser through the Broker. After the Filing Date, the Trustee entered into a contract with Purchaser to sell it the Property for the same price as agreed in the contract between the Debtor and Purchaser. A copy of the contract is annexed as Exhibit A. Debtor's counsel has delivered the $100,000 contract deposit to the Trustee and he is holding that amount in the trustee bank account for this case.

## ORDER TO SHOW CAUSE

3.  The Trustee is proceeding by way of Order to Show Cause because Purchaser is purchasing the Property as part of a 1031 exchange and if the transaction does not close by November 15, 2018, Purchaser can cancel the contract. If the Trustee proceeds by motion and gives the notice as required by Bankruptcy Rules 2002 and 6004, the hearing would not take place before this Court. If this Court does not sign the Order to Show Cause and schedule a Sale Hearing on or before October 11, 2018, Purchaser will cancel the Contract and buy another property. Both the Trustee and the Debtor support the sale and believe that the sales price is a good price for the Property. The Debtor is substantially in arrears on the mortgage on the Property and the mortgagee has filed a motion for relief from the stay.

## REAL PROPERTY

3.  The Property consists of a two family house.

## THE SALE

4.  Purchaser has made the Trustee an offer to purchase the Property, on the terms set forth in the Contract, a copy of which is annexed as Exhibit A, for a purchase price of $999,000.00. The purchase price is the same as in the contract entered into between the Debtor

and Purchaser. Purchaser deposited the sum of $100,000.00 with Debtor's counsel who has delivered the deposit to the Trustee. The Trustee is holding the contract deposit in the trustee bank account for this case. The sales price is sufficient to pay all creditors and expenses of this case, with a surplus anticipated for the Debtor. The Debtor consented to the contract and indicated that consent on page 10 of the contract. The Debtor would be the only party that would benefit from a higher price for the Property and it consents to the contract. If the contract does not close, the continuing interest on the mortgage, which is not being paid, would likely eat up all the remaining equity. It is for that reason as well as the need for the Purchaser to complete its 1031 exchange by November 15, 2018, that the Trustee requests that this Court approve the sale to Purchaser for the price set forth in the contract.

5. Purchaser came to the Debtor through the Broker. Although the Trustee did not retain the broker, the Debtor wants to fulfill its obligation to the Broker by paying the agreed upon commission. The offer made by Purchaser is the highest offer by a party willing to sign a contract. Because the sales price for the Property is more than sufficient to pay all creditors in full, the Trustee, with the consent of the Debtor has decided not to incur the expense of advertising the Property for sale.

5. By this Application, Applicant seeks the entry of an order:

    (a) approving the Contract and authorizing the Trustee to enter into and consummate the Contract;

    (b) pursuant to sections 363(b)(1) and 363(f) of the Bankruptcy Code, authorizing the Trustee to sell the Property, free and clear of all liens, claims, encumbrances and interests, except as set forth in the Contract of Sale to the Purchaser;

    (c) approving the broker's commissions to the Broker;

    (d) granting the Trustee such other and further relief as may be just and

proper.

## LEGAL BASIS FOR RELIEF REQUESTED

6. The Bankruptcy Code provides in pertinent part that a trustee after notice and a hearing, may use, sell or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1). The proposed sale is outside the ordinary course of his business.

7. Section 363 does not articulate an express standard for determining whether a sale of property under section 363(b) should be approved; however, courts that have interpreted this section consistently apply an "articulated business judgment" standard. See <u>Stephen Indus., Inc., v. McClung</u>, 789 F.2d 386, 390 (6th Cir. 1986); <u>In re Continental Airlines, Inc.</u>, 780 F. 2d 1223, 1226 (5th Cir. 1986); <u>In re Lionel Corp.</u>, 722 F. 2d 1063 (2d Cir. 198); <u>In re Walter</u>, 83 B.R. 14, 17 (Bankr. 9th Cir. 1988); <u>In re Channel One Communications, Inc.</u>, 117 B.R. 493, 496 (Bankr. E.D. Mo. 1990); <u>In re Ionosphere Clubs, Inc.</u>, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); <u>In re Baldwin United Corp.</u>, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

8. The Court of Appeals for the Second Circuit first enunciated this standard in by stating:

> The rule we adopt requires that a judge determining a §363(b) application expressly find from the evidence presented before him at the hearing <u>a good business reason</u> to grant such application.

<u>Lionel</u>, 722 F. 2d at 1070-71 (emphasis added).

9. Section 363(b) does not require that the Court substitute its business judgement for that of the trustee. <u>See,, e.g. Ionosphere Clubs, 100 B.R. at 676</u> Court will not substitute a hostile witness's business judgment for a debtor's unless testimony "established that the [debtor] had failed to articulate a sound business justification for its chosen course"). Rather, the Court

should ascertain whether the trustee has articulated a valid business justification for the proposed transaction. This is consistent with "the broad authority to operate the business of the debtor ... [which] indicates congressional intent to limit court involvement in business decision made in good faith by a trustee". In re Airlift Int'l Inc., 18 B.R. 787, 789 (Bankr. S.D. Fla. 1982).

10. Pursuant to section 363(f) of the Bankruptcy Code, the Trustee may sell the Property free and clear of any and all liens, claims encumbrances and interests if (i) permitted under applicable non-bankruptcy law, (ii) the party asserting such interest consents, (iii) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property, (iv) the interest is the subject of a bona fide dispute, or (v) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. Pursuant to section 363(f) and the Contract of Sale, the sale of the Property is free and clear of any and all liens, claims, encumbrances and interests, other than with a few limited exceptions set forth in the Contract of Sale involving non-monetary encumbrances. Since the $999,000.00 purchase price is greater than the aggregate amount of all liens on the Property, the sale of the Property free and clear of any liens, claims and encumbrances is authorized by section 363(f) of the Bankruptcy Code. The balance due on the mortgage is approximately $870,000.00.

11. The Trustee believes that an immediate sale of the Property is in the best interests of the estate. Interest continues to accrue on the mortgage. Sale of the Property will allow the Trustee to pay all creditors in full and provide a surplus to the Debtor.

## BROKER

12. Purchaser came to the Debtor through the efforts of the Broker and the Debtor wants to pay the Broker. The Broker was marketing the Property before finding Purchaser. The Debtor's agreement with the broker provides that the broker will receive $25,000 as a commission, and the Trustee and the Debtor request that this Court approve the commission of $25,000 for the Broker.

## NOTICE OF RELIEF REQUESTED

16. The Debtor intends to serve a copy of the Notice of Motion and Application, together with Exhibits thereto, on the U.S. Trustee, counsel to the Purchaser, all creditors, and any person who has filed a Notice of Appearance. The Debtor submits that the foregoing notice complies with the Bankruptcy Code and Rules and is good and sufficient notice of the sale and relief requested in this Application. A proposed order approving the sale and granting related relief is annexed as Exhibit B.

WHEREFORE, the Debtor requests entry of an Order for the relief requested in the Application and for such other and different relief that may be just and proper.

Dated:   Brooklyn, New York
         September 18, 2018         ROSENBERG, MUSSO & WEINER, LLP
                                                     Attorneys for Debtor

                                                     By:    /s/
                                                           Bruce Weiner
                                                           26 Court Street, Suite 2211
                                                           Brooklyn, New York 11242
                                                           (718) 855-6840